IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | No.13 C 0178 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| KNOWLEDGE UNIVERSE | ) | |
| EDUCATION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Michael Johnson ("plaintiff") filed a four count complaint against his former employer, Knowledge Universe Education, LLC ("defendant"), for violations of the Fair Labor Standards Act (29 U.S.C. § 215(a)(3)) ("FLSA") (Count I), the Illinois Whistleblower Act, 740 ILCS § 174/1 et seq. ("IWA") (Count II), Illinois public policy (Count III), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") (Count IV). Defendant moved to dismiss Counts II and III for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons described below, the court grants defendant's motion to dismiss Counts II and III.

**BACKGROUND**[1]

Plaintiff was employed at defendant's various KinderCare Learning Centers as a facilities maintenance technician beginning in January 2011. Plaintiff alleges that during the course of his employment, defendant failed to pay him for hours worked in excess of 40 hours a week. Beginning in July 2011, plaintiff complained to his supervisors both orally and in writing

---

[1]The following facts are taken from Johnson's complaint and are assumed to be true for purposes of this Motion to Dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

regarding the overtime wage issue.  In response, plaintiff's supervisor threatened to fire him multiple times and threatened to "rip [his] arm off and beat his black ass" with it.  Plaintiff reported these threats to defendant's management employees, including the human resources department.

On September 19, 2011, plaintiff advised his supervisors and defendant's human resources department in writing that one of defendant's play centers had a severely warped and leaning structure.  In response, plaintiff's immediate supervisor suggested that plaintiff fix the structure.  Plaintiff refused to do so, stating that he was not qualified to perform the repair, and that he believed that if he disassembled the playground equipment, he would be violating the Occupational Safety and Health Act, 29 U.S.C. § 651 et. seq., ("OSHA") standards.  Plaintiff's supervisor responded by calling plaintiff a "whistleblower."

On September 22, 2011, plaintiff notified his supervisors and the human resources department by email that another play center was unsafe and not in compliance with OSHA standards.  Plaintiff stated that he would not perform minor repair work to the structures because he felt the repairs were insufficient and simply a "band-aid."  Plaintiff stated that if adequate repairs were not made in 30 days, or by the time of his next visit, he would contact the Occupational Safety and Health Administration to investigate.

On that same day, plaintiff advised defendant that he had retained an attorney regarding the harassment, discrimination, and retaliation by his supervisors.  Plaintiff alleges that defendant decided to terminate him that day, although plaintiff was not notified of his termination until September 26, 2011.

**DISCUSSION**

Plaintiff has pled two counts related to his report of the allegedly unsafe structures and his subsequent termination: violation of the IWA (Count II) and common law retaliatory discharge (Count III). Both rest on plaintiff's allegations that he voiced a complaint regarding unsafe play structures to his employer and a government entity, and was terminated by defendant in response. Defendant moved to dismiss both counts for failure to state a claim. In responding to defendant's motion to dismiss Count II, plaintiff cites Section 7.2 of the Illinois Child Care Act ("ICCA"), 225 ILCS § 10/7.2, as the statute that he would have violated had he completed the repairs defendant requested. He also cites Section 7.2 as the source of a clearly mandated Illinois public policy to protect child welfare that is the basis of his claim in Count III. Defendant's reply brief argues that both Counts II and III are preempted by Section 7.2 of the ICCA.[2]

Subsection (b) of Section 7.2 states that "[n]o employer shall discharge, demote or suspend, or threaten to discharge, demote or suspend, or in any manner discriminate against any employee who: . . . (4) Refuses to perform work in violation of a licensing or other law or regulation after notifying the employer of the violation." Plaintiff has alleged that defendant is an employer under the statute, that plaintiff reported a violation of the regulations promulgated by the Illinois Department of Child and Family Services ("DCFS") regarding childcare centers, and that he refused to perform work after notifying his employer of the violation. Subsection (d)

---

[2] Defendant did not rely on Section 7.2 in its memorandum in support of the motion to dismiss. Plaintiff's argument in his response brief relied on this statute that, as discussed below, defeats rather than supports Counts II and III. Defendant then raised the preemption issue in its reply brief, to which plaintiff has not sought to respond.

3

of Section 7.2 states that: "[e]xcept for any grievance procedure, arbitration or hearing which is available to the employee pursuant to a collective bargaining agreement, this Section shall be the exclusive remedy for an employee complaining of any action described in subsection (b)." 225 ILCS § 10/7.2(d). Under subsection (c) of Section 7.2, an employee must present his claim to his employer and file his retaliation claim with the Illinois Department of Labor ("IDOL"). IDOL may then conduct an investigation or hearing to determine whether the employer has violated subsection (b). If IDOL determines the employer violated the statute, and the employer refuses to take remedial action, IDOL will notify the Attorney General to bring an action against the employer in the circuit court to enforce the IDOL's determination. The circuit court may then "order any appropriate relief, including rehiring and reinstatement of the employee to his or her former position with backpay and other benefits." 225 ILCS § 10/7.2(c)(3).

The statutory language of subsection (d) is explicit: plaintiff's exclusive remedy for the retaliation complained of is the procedure outlined in Section 7.2. Section 7.2 preempts plaintiff's IWA and common law retaliatory discharge claims. See Brown v. GSA, 425 U.S. 820, 834, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) ("a precisely drawn, detailed statute pre-empts more general remedies"). The court therefore dismisses Counts II and III of the complaint.[3]

## CONCLUSION

For the reasons described above, the court grants defendant's motion to dismiss Counts II and III of the complaint. The parties are directed to file a joint status report consistent with this

---

[3] Because the court dismisses Counts II and III on the basis of exclusive remedy, it need not address the other arguments advanced by defendant in support of the motion to dismiss.

court's form on or before July 22, 2013. The status report previously set for July 9, 2013, is continued to July 30, 2013, at 9:00 a.m.


**ENTER:** **July 1, 2013**

                                                                       **Robert W. Gettleman**
                                                                       **United States District Judge**